No. 53,846

STATE OF KANSAS, *Petitioner,* v. WILMER GOERING, *Respondent.*

(639 P.2d 1130)

WHEREAS, on the 29th day of April, 1981, Arno Windscheffel, disciplinary administrator, initiated a formal complaint against Wilmer Goering, an attorney, alleging violations of the Code of Professional Responsibility, and

WHEREAS, thereafter a duly constituted panel of the Kansas Board for Discipline of Attorneys, after notice to the respondent, held a formal hearing at which time evidence was presented in support of the complaint, and the respondent, appearing in person, presented evidence on his behalf, and

WHEREAS, the panel of the Kansas Board for Discipline of Attorneys heard evidence to the effect that in April, 1974, one Gene P. Risley, d/b/a Surplus City of Wichita, who was indebted to the Parrish Company of Pocatello, Idaho, contacted the Parrish Company in regard to an indebtedness of $12,841.15 he owed the company and advised them that one Pete Morrow was going to lend him the money to pay the account; that thereafter Morrow and Parrish Company had contact by telephone and by mail regarding the indebtedness and Morrow advised the Parrish Company that his attorney, Wilmer Goering, would be in contact with the Parrish Company; that on May 9, 1974, respondent wrote to Parrish Company confirming that payment would be forthcoming; that in October, 1974, Max Parrish of the Parrish Company came to Wichita and met with Risley and Morrow and with respondent, who advised Parrish that he could handle the matter and Parrish did not need to retain other counsel; that respondent prepared a petition and confession of judgment executed by Gene P. Risley and Pete Morrow setting forth certain payment terms and which were to be filed with the District Court of Sedgwick County, Kansas, in an action captioned Parrish Company, an Idaho Corporation, Plaintiff, vs. Gene P. Risley and Pete Morrow, Defendants; that Parrish Company paid a fee to respondent for the preparation and filing of said documents and advanced the court costs for filing the same; that the petition and confession of judgment were never filed by respondent with the Clerk of the District Court; that between October, 1974, and May

15, 1980, the respondent repeatedly misrepresented to the Parrish Company that the petition and judgment were filed; that Parrish Company had a valid judgment; that he would send certified copies of the instruments to Parrish Company; that during said period Mr. Max Parrish contacted the Clerk of the District Court and was informed the case had never been filed; that nothing was ever paid on the indebtedness; that respondent acted as attorney for not only the Parrish Company but also Risley and Morrow; and

WHEREAS, the panel of the Kansas Board for Discipline of Attorneys, on November 10, 1981, filed its report with this court in which it made the following findings and conclusions:

"It is the unanimous finding of the panel that there is clear and convincing evidence that the respondent engaged in conduct involving deceit and misrepresentation and neglected a legal matter entrusted to him as set forth in DR 1-102(A)(4) and DR 6-101(A)(3) in that respondent,

(1) Neglected to file the Petition and Confession of Judgment and Stipulation, In the District Court of Sedgwick County, Kansas, Parrish Company, an Idaho Corporation, Plaintiff, vs. Gene P. Risley, and Pete Morrow, Defendants, a legal matter entrusted to him by Rodney Parrish and Max F. Parrish.

(2) Neglected to pursue the loss of the documents in the mail or to attempt to locate and refile the documents.

(3) Accepted a filing fee and legal fees from the Parrish Company for the legal matter entrusted to him and never returned any of the funds to the Parrish Company.

(4) Misrepresented to and deceived Rodney Parrish and Max F. Parrish that Respondent had filed the documents and pleadings In the District Court of Sedgwick County, Kansas and took no action to refile over an extended period of almost seven (7) years."

WHEREAS, the panel unanimously recommended that the respondent be suspended indefinitely from the further practice of law pursuant to Rule (203)(a)(2) [228 Kan.xc]; and

WHEREAS, the respondent was duly served with a copy of the report and failed to file any exceptions thereto and thereafter was duly notified that the report and recommendations of the panel would be heard by this court on the 15th day of January, 1982, at 9:30 a.m. at which time respondent failed to appear, either in person or by an attorney;

NOW, THEREFORE, IT IS CONSIDERED AND ORDERED that the report and recommendations of the panel of the Kansas Board for Discipline of Attorneys be approved and accepted.

IT IS FURTHER CONSIDERED AND ORDERED that Wilmer Goering be and he is hereby indefinitely suspended from the practice of law in the State of Kansas, and the Clerk of the Appellate Courts shall strike the name of Wilmer Goering from the roll of attorneys authorized to practice law in the State of Kansas.

IT IS FURTHER CONSIDERED AND ORDERED that this order shall be published in the official Kansas Reports and the Clerk of the Appellate Courts shall mail copies of this order to the Clerk of the District Court of Sedgwick County, Kansas, and the Clerk of the United States District Court for the District of Kansas, at Wichita, Kansas.

IT IS FURTHER CONSIDERED AND ORDERED that the costs herein be assessed to the respondent.

Effective this 2nd day of February, 1982.